**IT IS ORDERED as set forth below:**



**Date: June 29, 2023**

_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-52999-WLH |
| JUDY DAWN CRAWFORD, | CHAPTER 7 |
| Debtor. | |
| IN RE: | ADVERSARY PROCEEDING |
| MICHAEL SMITHYMAN, | NO. 22-5112 |
| Plaintiff, | |
| v. | |
| JUDY DAWN CRAWFORD, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATE-FILED RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Defendant's Motion to Strike Plaintiff's Late-Filed Response to Motion for Summary Judgment (Doc. No. 24) (the "Motion"). Defendant asks

the Court to strike the Plaintiff's response to her motion for summary judgment as untimely. Plaintiff's counsel filed a response in opposition to the Motion (Doc. No. 25), acknowledging she filed the response late but stating she was under the mistaken belief it was timely filed.

A motion to strike a response to a motion for summary judgment on the basis of it being tardily filed is not specifically recognized by the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure. French v. U.S. (In re French), 242 B.R. 369, 374 (Bankr. N.D. Ohio 1999). Rather, Bankruptcy Rule 7012(f), which incorporates Rule 12(f) of the Federal Rules of Civil Procedure, only recognizes a motion to strike if it involves a "pleading" which contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Rule 7 sets forth the pleadings allowed as a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7, made applicable by Fed. R. Bankr. P. 7007. Motions and responses thereto are not pleadings. Circle Grp, LLC v. Southeastern Carpenters Reg'l Council, 836 F. Supp.2d 1327, 1347 (N.D. Ga. 2011); accord Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) (quoting Chilivis v. S.E.C., 673 F.2d 1205, 1209 (11th Cir. 1982)) ("neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules."); Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("motions to strike are only appropriately addressed towards matters contained in the pleadings; . . . [a] motion for summary judgment, . . . is not a pleading."); but see Stephens v. Ga. DOT, 134 Fed. Appx. 320, 323-24 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(f) ) (district court did not abuse its discretion in striking portions of motion for summary judgment containing immaterial, impertinent, or scandalous matter).

While Bankruptcy Rule 7012, through adoption of Federal Rule of Civil Procedure 12(f), speaks to motions to strike, it does not cover this situation. In re Wittmer, 2013 WL 3779574, at *7 (Bankr. N.D. Ohio July 18, 2013) (citing French, 242 B.R. 369). However, in appropriate circumstances, case law does support a court's authority to strike other filings in the exercise of its discretion. Id. The court has discretion to permit or exclude late-filed materials in opposition to summary judgment. In re Confer, 277 B.R. 374, 377 (Bankr. S.D. Ohio 2002) (citing Blankenship v. Parke Care Centers, Inc., 913 F.Supp. 1045, 1049 (S.D. Ohio 1995) (allowing an untimely response when the late filing resulted in no delay or prejudice), aff'd 123 F.3d 868 (6th Cir.1997); United States v. Lenard (In re Lenard), 140 B.R. 550, 553 (D. Colo. 1992)). In considering whether to strike an opposing party's motion or response on the basis of being tardily filed, courts consider factors including: 1) the actual amount of time the motion or response was filed late; 2) whether the party who filed the late motion or response disobeyed a direct order of the court; 3) the degree of prejudice that will befall the other party if the tardily filed motion or response is allowed; and 4) whether allowing the late filed motion or response would help the Court adjudicate the matter. French, 242 B.R. at 375.

Here, Defendant filed a Motion for Summary Judgment on March 24, 2023 (Doc. No. 14). Pursuant to BLR 7007-1(c), a party has twenty-one days to respond to a motion for summary judgment and its failure to respond to such a motion indicates no opposition. Plaintiff filed a motion to extend time to file a response on April 17, 2023 (Doc. No. 16). The Court entered an order on May 15, 2023 (Doc. No. 18) granting the request and giving Plaintiff 14 days from the entry of the order to respond to Defendant's Motion for Summary Judgment. On May 17, 2023, a certificate of service of the order (Doc. No. 19) was entered on the docket. Plaintiff 's attorney contends she was confused and believed she had 14 days from the date the certificate of service was filed to respond to the Motion for Summary Judgment. On May 31, 2023, (instead of

May 29, 2023), Plaintiff filed a response to the Motion for Summary Judgment (Doc. No. 20) (the "Response"). There is no dispute the Response was untimely filed.

Defendant asks the Court to strike the late-filed Response, but a motion to strike a response to a motion for summary judgment on the basis of it being tardily filed is not specifically authorized by the Bankruptcy Rules. Further, the Court has discretion to permit late-filed materials in opposition to summary judgment. Plaintiff's Response was filed two days late; thus, the actual amount of time the response was filed late was minimal. While Plaintiff did not comply with the Court's order setting a deadline to respond, Plaintiff's counsel has presented a plausible excuse for her failure (she was simply mistaken about the triggering date). Given the short delay, the late filing will not prejudice Defendant. Finally, allowing the late-filed Response will help the Court adjudicate whether summary judgment is warranted. The Court may only grant summary judgment if the record supports that no genuine issues of material fact exist. See Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986). Thus, the fact that an argument remains essentially unopposed does not relieve the court of the duty to determine whether summary judgment is appropriate. Accordingly, the Court will consider the Response in evaluating whether summary judgment is warranted.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Michael Smithyman
5060 Hickory Hills Dr.
Woodstock, GA 30188

Shannan Collier Stalvey
The Law Office of Shannan S. Collier, PC
100 Galleria Parkway, Suite 1010
Suite 1010
Atlanta, GA 30339

Judy Dawn Crawford
502 Oriole Farm Trl
Canton, GA 30114

Jeffrey B. Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161